UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **LOUIS-PASTEUR NAMBAJIMANA**, | Case No.: |
| Plaintiff, | Hon. |
| v. | |
| **ALEJANDRO MAYORKAS, SECRETARY OF UNITED STATES DEPARTMENT OF HOMELAND SECURITY; TRACY RENAUD, SENIOR OFFICIAL PERFORMING THE DUTIES OF THE DIRECTOR OF UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES; MICHAEL KLINGER, DETROIT FIELD OFFICE DIRECTOR OF UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES; U.S. DEPARTMENT OF HOMELAND SECURITY; and UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,** | **PLAINTIFF'S COMPLAINT FOR MANDAMUS RELIEF** |
| Defendants. | |

---

## INTRODUCTION

1)      Plaintiff Louis-Pasteur Nambajimana brings this mandamus action to compel

Defendants to complete the adjudication of his I-485, Application to Register Permanent

Residence Status or Adjust Status. The application was filed on June 15, 2007 and, more than

thirteen years later, remains pending.

## JURISDICTION AND VENUE

*Louis-Pasteur Nambajimana v. Department of Homeland Security, et al.*
Complaint

2)      This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1346(a)(2) in that the

matter in controversy arises under the laws of the United States and the United States is a

Defendant. This Court also has jurisdiction over the present action pursuant to 28 U.S.C. § 2201,

the Declaratory Judgment Act; 5 U.S.C. § 702, the Administrative Procedures Act; and 28

U.S.C. § 1361, regarding an action to compel an officer of the United States to perform his or

her duty.

3)      Venue is proper under 28 U.S.C. § 1391(e)(1) because this is a civil action in

which Defendants are national agencies and officers or employees of national agencies, because

a substantial part of the events giving rise to the claim occurred in this district, because Plaintiff

resides in this judicial district and there is no real property involved in this action, and because

Defendants operate within this district.

## **PARTIES**

4)      Plaintiff Louis-Pasteur Nambajimana ("Plaintiff") is a citizen of Rwanda that at all

relevant times resided and continues to reside within the Western District of Michigan.

5)      Defendant Alejandro Mayorkas is the Secretary of the United States Department

of Homeland Security (DHS) and is sued in his official capacity only. Defendant Mayorkas is

charged with the administration of the United States Citizenship and Immigration Services

(USCIS) and implementing the Immigration and Nationality Act.

6)      Defendant Tracy Renaud, is the Senior Official Performing the Duties of the

Director of USCIS and is sued in her official capacity only. USCIS is the component of the

Department of Homeland Security that is responsible for adjudicating Plaintiff's I-485 application.

7)      Defendant Michael Klinger is the Director of the Detroit Field Office of USCIS and is sued in his official capacity only. On information and belief, Plaintiff's I-485 application is currently pending at the Detroit Field Office.

8)      Defendant DHS is the department within which USCIS adjudicates I-485 applications. DHS operates within this district, with headquarters in Washington, D.C.

9)      Defendant USCIS is the component of DHS that adjudicates I-485 applications. USCIS operates within this district, with headquarters in Washington, D.C.

## FACTUAL ALLEGATIONS

10)      Plaintiff incorporates by reference the preceding paragraphs as though set forth fully herein.

11)      Plaintiff is a thirty-seven-year old citizen of Rwanda.

12)      On June 15, 2007, he filed an I-485 application (colloquially referred to as a "green card application").

13)      It is now February 5, 2021 and, still, more than 13 years later, Defendants have failed to make a decision on his application.

14)      A federal government agency is obligated to conclude a matter presented to it "within a reasonable time". 5 U.S.C. § 555(b). See also *Villa v. DHS*, 607 F. Supp. 2d. 359, 365 (N.D.N.Y. 2009) (finding that § 555(b) requires USCIS to adjudicate I-485 applications within a reasonable time).

15)    "It is the sense of Congress that the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application." 8 U.S.C. § 1571(b).

16)    A delay of two years in adjudicating an I-485 is unreasonable. *Paunescu v. INS*, 76 F. Supp. 2d. 901, 902 (N.D. Ill. 1999).

17)    The delay that Plaintiff has experienced is completely unreasonable by any standard.

### COUNT I - ADMINISTRATIVE PROCEDURES ACT

18)    Plaintiff incorporates by reference the preceding paragraphs as though set forth fully herein.

19)    Defendants' failure to adjudicate Plaintiff's I-485 constitutes an unreasonable delay and failure to act in violation of the Administrative Procedures Act, 5 U.S.C. §§ 555(b) and 706(1).

20)    Plaintiff has a clear right to the relief requested.

21)    Defendants have a clear duty pursuant to the Immigration and Nationality Act to adjudicate Plaintiff's I-485 and there is no other adequate remedy available.

### <u>PRAYER FOR RELIEF</u>

WHEREFORE Plaintiff requests that this Court grant the following relief:

(A)    Order Defendants to adjudicate Plaintiff's I-485 by a date to be determined by the Court;

(B)     Retain jurisdiction during the adjudication of the I-485 in order to ensure

compliance with the Court's orders;

(C)     Award reasonable costs and attorney fees; and

(D)     Grant such further relief as the Court deems just and proper.

Dated: February 5, 2021          Respectfully Submitted,

/s/ Marc Asch (P75499)
The Law Office of Marc Asch
137 N. Park St., Suite 201B
Kalamazoo, MI 49007
(617) 653-8184
marc.a.asch@gmail.com
Attorney for Plaintiff

*Louis-Pasteur Nambajimana v. Department of Homeland Security, et al.*
Complaint